(102 App. Div. 53.)

## LUIKERT et al. v. SNYDER.

(Supreme Court, Appellate Division, Second Department. February 15, 1905.)

1. APPEAL—MOOT QUESTIONS.

An appeal from a motion to require an attorney to diligently prosecute an action will not be determined after all the relief sought has been obtained by the prosecution of the action as desired.

2. ATTORNEY AND CLIENT — PROSECUTION OF ACTION — DETERMINATION OF AMOUNT OF FEES.

On motion to require an attorney to prosecute an action an order of reference to determine the amount to which the attorney is entitled as fees should not be made, this matter being properly the subject of a separate motion.

Appeal from Special Term, Westchester County.

Action by Mertil Luikert and others against Rosalie Luikert, in which Alfred Luikert and others, plaintiffs, moved for an order requiring William L. Snyder, plaintiffs' attorney, to diligently prosecute the action. From an order entered on reargument of the motion, movants appeal. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Edward J. Newell, for appellants.

Grenville T. Emmett, for respondents.

HOOKER, J. This is an appeal from an order of the Special Term denying the motion of three of the plaintiffs to compel the plaintiffs' attorney to proceed with the trial of this action upon condition that the original assignment equalizing the distributive shares of all the plaintiffs herein be delivered to the moving plaintiffs or their attorney, and upon condition that a stipulation of plaintiffs' attorney be signed and delivered to them providing that the compensation for the services of the plaintiffs' attorney shall not be paid out of the share of the three moving plaintiffs to an extent beyond their proportion with the other two plaintiffs. The order also provided that it be referred to a referee named therein to hear and determine the amount which the plaintiffs' attorney is justly entitled to recover for his services in the action. The complaint demanded relief in that a trust be impressed upon the property in question, the legal title to which was in the defendant, who is the mother of all five plaintiffs. The defendant answered, and the issues raised by the pleadings were tried in the year 1898, but no judgment resulted from that trial because of the expiration of the term of office of the judge before whom the case was tried. A year or two later the plaintiffs' attorney obtained from the defendant a deed declaring that she held the property in question in trust for all of the five plaintiffs, reserving to herself the income during her life, but the shares of the several plaintiffs in the trust deed were unequal. The three moving plaintiffs, who were not treated as liberally as their two remaining coplaintiffs, on discovering inequality, moved in December, 1903, to compel the plaintiffs' attorney diligently to prosecute the action,

or, if he did not care to do so, to stipulate to a substitution of some other attorney. From aught that appears, no one of the plaintiffs has ever questioned the fact that the plaintiffs are entitled to share alike in the trust estate. This motion was granted, and an order was entered directing the plaintiffs' attorney, Snyder, to prosecute the action diligently. He noticed the case for trial, and made some move to have it preferred upon the calendar of the court. Subsequently, and before any trial was had, he obtained from the two favored plaintiffs an instrument in which they sought to equalize the shares of all the plaintiffs in the trust fund, and, presenting this instrument with affidavits showing the state of the action, moved for a reargument of the motion to which reference has been made. This was opposed by the three plaintiff appellants, but resulted in the order appealed from.

It appears from the briefs of counsel on both sides of this controversy that since the decision of the motion at Special Term the action has been prosecuted to final judgment in favor of the plaintiffs, by which they obtained all of the relief which they demanded in their complaint. The determination of the legal question, then, whether or not the motion to compel the plaintiffs' attorney to proceed diligently with the trial, or to consent to a substitution of some other attorney for the plaintiffs, becomes a mere academic proposition, with which this court will not, under the circumstances, assume to deal. All of the relief which in any manner could have been obtained by the granting of the motion to compel the attorney to proceed diligently or consent to a substitution has been effectually secured to all of the plaintiffs by the entry of the final judgment granting to the plaintiffs all the relief they demanded in their complaint.

The appellants also object to that portion of the order which refers the matter to a referee to determine the amount Snyder, as attorney for the plaintiffs, is justly entitled to be paid for his services in this action. We are of opinion that that portion of the order relating to the determination of the amount of the value of the attorney's services was not warranted. The motion made by the three appealing plaintiffs was for an order compelling Snyder to proceed diligently or agree to a substitution, and that is the issue which was tried out on affidavits upon the first hearing of the motion and upon the reargument as well. No facts appear from the affidavits pro or con touching the right of the attorney to have his compensation fixed in this manner. And, so far as the record shows, nothing was presented to the court below to guide it in determining this question, except, of course, the general statements which show the history of the action and its then status. The appellants strenuously claim that they are entitled to have the amount of the attorney's compensation fixed by a jury, and they claim that the attorney's remedy in this case is full and complete at law, and that no reason exists which would warrant the court in directing that the matter be determined summarily. In view of the position the appellants take, it seems clear to us that such an order should not be made as a rider upon the decision of a motion which involves quite another proposition, and that, if the attorney deems he is entitled to have the amount of his compensation fixed in this way, he should be relegated

to an independent motion for that relief. The orderly administration of justice would seem to require such a question to be determined only after a full and fair presentation of the facts and circumstances relied upon by both sides of the controversy, upon papers directed to that question, to which none of the papers read upon the motion for the order under review was addressed.

The order should be modified by striking out the provision for a reference, without prejudice to the making of a motion to refer, and, as thus modified, affirmed, without costs. All concur.